```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
JOSE VASQUEZ,                                                 :
                                                              :
                              Plaintiff,                      :
                                                              :          REPORT AND RECOMMENDATION
                -against-                                     :
                                                              :              21 Civ. 959 (DG) (VMS)
SYLHET MOTORS INC. d/b/a Sylhet Motors,                       :
KABIR NURUL, and MABO RAMEN,                                  :
                                                              :
                              Defendants.                     :
                                                              :
------------------------------------------------------------- X
```

**Vera M. Scanlon, United States Magistrate Judge:**

The undersigned respectfully recommends that the motion for settlement approval at ECF No. 35, in view of the settlement agreement at ECF No. 41, be granted, upon the effectuation of the two modifications discussed below. For the reasons stated on the record on 3/28/2023, and based on the initial submission at ECF No. 35, the first revised submission at ECF Nos. 38 and 39, and the second revised submission at ECF Nos. 40 and 41, the undersigned respectfully recommends that the District Court find the settlement agreement at ECF No. 41 to be fair and reasonable under <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015), upon the effectuation of the two modifications discussed below.

As a preliminary matter, the Court notes that a corporate entity is not usually permitted to participate in litigation <u>pro se</u>, but rather, must be represented by counsel. Here, the corporate entity Sylhet Motors Inc. is not represented by counsel. Instead, Mr. Ramen (spellings vary) has represented that he has the authority to act on behalf of the business, but that the corporation cannot afford counsel. In this case, the parties are attempting to resolve the action by mutual agreement among all parties. The business is not attempting to participate in litigation via

1

discovery, motion practice or trial so the expertise of counsel is not necessary as to the actions to be taken before the Court. Rather, only the business decision of settling the case is being taken; in most cases other than FLSA litigation, without the requirements of Cheeks, no motion practice would be necessary in order to resolve the case at this stage. Only the peculiarities of the FLSA/Cheeks regime might lead to the need for counsel at this stage of the case because of the pending motion. The Court respectfully recommends that give the settlement posture, the Cheeks motion and the settlement be allowed to proceed as discussed below without the need for counsel to appear on behalf of the corporate defendant. Were the Court to require counsel to appear, the funds available for payment of the proposed settlement would likely be drained by payment to the corporate defendant's counsel, and Plaintiff would receive no or a reduced settlement amount. Such a result would undermine the purpose of the FLSA and Cheeks, which is to protect the workers' rights and interests.

The factors for assessing the fairness and reasonableness of settlement agreements pursuant to Cheeks, which are set forth in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted), weigh in favor of approving the settlement agreements under review. The first factor is "the plaintiff's range of possible recovery." Id. (citations omitted). Here, Plaintiff's suggested range of possible recovery for his claims asserted pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., extends up to $173,194.00, which is Plaintiff's estimated maximum possible recovery, see ECF No. 35 at 2-3. The settlement amount is $22,500.00. See id. at 1. This is a modest percentage of Plaintiff's maximum possible recovery, but, as noted below, there are serious concerns that Plaintiff's estimate could not be supported by an admissible record, given the Defendants' ownership dispute. The second factor is "the extent to which the settlement will enable the parties to avoid anticipated burdens and

2

expenses in establishing their respective claims and defenses." Wolinsky, 900 F. Supp. 2d at 335 (citations & quotations omitted).  The settlement agreement under review will enable Plaintiff to avoid litigating the factual disputes discussed below and to obtain prompt relief, and it will enable Defendants to avoid the risk of Plaintiff prevailing on some claims and to avoid the time and expense associated with litigation.  See ECF No. 35 at 4.  As to the third factor, which is "the seriousness of the litigation risks faced by the parties," Wolinsky, 900 F. Supp. 2d at 335 (citations omitted), both Plaintiff and Defendants would face significant risks in pursuing further litigation, given the factual dispute as to the number of hours worked by Plaintiff, including with respect to overtime hours, and the contention by Defendants that Defendant Sylhet Motors Inc. was under the ownership of someone other than Defendant Kabir Nurul or Defendant Mabo Ramen for at least a portion of the period of time during which Plaintiff was allegedly employed by Defendant Sylhet Motors Inc., see ECF No. 35 at 2, 4. The fourth factor is "whether the settlement agreement is the product of arm's-length bargaining between experienced counsel," Wolinsky, 900 F. Supp. 2d at 335 (citations & quotations omitted).  Here, there was initially a settlement agreement reached without the aid of counsel.  Plaintiff's counsel objected to being excluded from the negotiation process, so, thereafter, Plaintiff, represented by counsel, and Defendants reached a settlement agreement at Court-annexed mediation, see ECF No. 35 at 2-3.  The combination of Plaintiff's counsel and a neutral mediator participating in the settlement process gives assurance that this settlement was achieved through a fair process.  The final factor is the possibility of fraud or collusion, Wolinsky, 900 F. Supp. 2d at 335 (citations omitted); any such possibility is minimal here, as the settlement agreement arose from Court-annexed mediation with counsel for Plaintiff, see ECF No. 35 at 3, 5.

The attorneys' fees and costs outlined in the settlement agreement are also reasonable.  See Fisher v. SD Protection Inc., 948 F.3d 593, 600 (2d Cir. 2020) (citations omitted).  The settlement agreement provides for the payment to counsel of $7,500.00, inclusive of costs, to be deducted from the settlement amount of $22,500.00. See ECF No. 35 at 4-5.  In view of the services rendered by Plaintiff's counsel, the apportionment of one third, or $7,500.00, of the total settlement amount of $22,500.00 for attorneys' fees, inclusive of costs, reasonable. See Quispe v. Stone & Tile Inc., 583 F. Supp. 3d 372, 380 (E.D.N.Y. 2022) (noting that "[c]ontingency fees of one-third in FLSA cases are routinely approved in this Circuit") (citations & quotations omitted).  The lodestar for Plaintiffs' counsel's fees is $12,845.00, which represents 36.7 hours of work expended at $350.00 per hour.  See generally ECF No. 35-2.  The Court does not opine as to whether all of these hours were necessary to achieve the resolution, but certainly the work covered by $7,500.00 was reasonably necessary to conclude this agreement.

With one exception, the settlement agreement does not contain any of the problematic provisions outlined in Cheeks that might preclude approval of otherwise acceptable agreements, such as highly restrictive confidentiality agreements, unsupported attorneys' fee awards, and restrictions on attorneys' future representations.  See Cheeks, 796 F.3d at 206 (citations omitted).  The settlement agreement does, however, contain an overbroad release.  See ECF No. 41 at 6 (releasing Defendants from "any and all liability, actions, causes of action, suits, debts, dues, sums of money, accountings, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, claims, damages, judgments, extents, executions, damages, expenses and costs whatsoever, including but not limited to any and all claims under the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, the New York

4

State Labor Law (including claims with the New York Department of Labor), the New York Wage-Hour Law, all as amended, as well as claims arising from any collective bargaining agreement, employee benefit plan, express or implied contract, employee handbook, only to the extent that such claims relate to, or arise from claims for wages, compensation, benefits, commissions, and all expenses paid or unpaid during the term of their respective employment, and all claims for compensatory, punitive, or liquidated damages, interest, attorneys' fees and costs"). This provision must be revised so that Plaintiff's release pertains only to those claims arising out of the alleged wage-and-hour issues related to his alleged periods of employment with Defendant Sylhet Motors Inc. and the other Defendants. See Cheeks, 796 F.3d at 206 (noting, for example, a provision in a settlement agreement, which was "an overbroad release that would waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues," that "highlights the potential for abuse in [FLSA] . . . settlements . . . and underscores why judicial approval in the FLSA setting is necessary" (citation & quotations omitted)). The same paragraph of the complaint incorrectly names "Mabo Ramen," as listed in the caption of the complaint, see ECF No. 1 at 1, as "Mahbub Rahman," see ECF No. 41 at 6; this error must also be corrected.

The undersigned respectfully recommends that the settlement agreement at ECF No. [41] be approved as fair and reasonable pursuant to Cheeks and that the stipulation of dismissal with prejudice at ECF No. 41 be so-Ordered, with the Court retaining jurisdiction over enforcement of the settlement agreement as provided in the settlement agreement and the stipulation of dismissal, upon the effectuation of the two modifications discussed above. See ECF No. 41 at 7, 11-12. The Court notes that the docket number on the stipulation of dismissal should be "1:21-cv-00959-DG-VMS," and not "1:21-cv-07127-WFK-CLP." See id. at 11. Executed agreements

that conform with this Order must be submitted by 1/26/2024 to the District Court.

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen days of service. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen-day period for filing objections. Failure to file objections within fourteen days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Miller v. Brightstar Asia, Ltd., 43 F. 4th 112, 120 (2d Cir. 2022) (reasoning that, "although Rule 72 applies only to the district court's review of a report and recommendation, this court has adopted the rule that when a party fails to object timely to a magistrate's recommended decision, it waives any right to further review of that decision" (citation & quotations omitted)).

The Court will mail a copy of this report and recommendation and the docket to Mabo Ramen, 161-05 Hillside Avenue, Jamaica, NY 11432; Kabir Nurul, 161-05 Hillside Avenue, Jamaica, NY 11432; and Sylhet Motors Inc., 161-05 Hillside Avenue, Jamaica, NY 11432. *c/m*.

Dated: Brooklyn, New York
      January 16, 2024

*Vera M. Scanlon*
_____
VERA M. SCANLON
United States Magistrate Judge
